IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT STEED, MAFAYETTE FIELDS,
LAWRENCE NORTHERN, and JAMES PITTMAN,

                              Plaintiffs,

              v.                                                        ORDER

A-UNIT 3 SHIFT OFFICER, C/O BURKE,                         14-cv-747-jdp
C/O HOLSCLAW, C/O THILL, RN WARNER,
LIEBL and JOHN OR JANE DOE OF THE
RESTRICTIVE STATUS HOUSING UNIT,

                              Defendants.

---

This case involving plaintiff prisoners' claims regarding the dispensation of medication by correctional officers has been stayed pending recruitment of counsel for plaintiffs. There are two issues currently before the court.

The first is severance of plaintiffs Lawrence Northern's and Robert Steed's claims that do not belong in this case. Plaintiffs Northern and Steed have claims that may remain in this lawsuit, but they also have claims that may only be brought in separate suits. Plaintiff Northern alleges that defendant Nurse Johnson retaliated against him by failing to dress a surgical wound, and plaintiff Steed alleges that defendant Nurse Julie B. refused to give him his hypertension medication for a week. I gave them each a chance to explain whether they would like to proceed only with their claims in this lawsuit, proceed only with their separate claims in a new lawsuit, or proceed with both sets of claims. *Id*.

Both plaintiffs Northern and Steed have responded by stating that they would like to pursue both their claims in this case and their claims belonging in separate lawsuits. Plaintiff Northern filed a series of responses in which he suggested that his separate claims be added

to his pending 13-cv-367-jdp lawsuit, but then retracted that request after speaking with court-recruited counsel in that case. *See* Dkt. 41-43. Accordingly, I will sever Northern's claims against Nurse Johnson into a new lawsuit (that case number will be 16-cv-377-jdp) and assess him an initial partial payment of $213.18—the same amount as his initial partial payment in this case—for his new case.

Plaintiff Steed says that he would like to proceed in a separate lawsuit with his claims against defendant Nurse Julie B., and asks whether he should submit an amended complaint and new petition for leave to proceed *in forma pauperis*. Dkt. 44. It is not necessary for him to submit these documents. I will sever his claims against Nurse Julie B. into a new lawsuit (case no. 16-cv-378-jdp), direct the clerk of court to docket the complaint in this action in the '378 case, and assess him an initial partial payment of $144.92, which is the same amount as his initial partial payment in this case. Defendant will be served with the complaint after Steed pays the initial partial payment, and defendant need answer only plaintiff's allegations regarding his claim in the new lawsuit.

The second issue before the court is the state's motion to stay the case, Dkt. 52, pending resolution of a similar case currently pending in the United States District Court for the Eastern District of Wisconsin, *Jackson v. Wall*, No. 15-cv-358-wcg. In that case, the plaintiff alleges that he has been harmed by correctional officers' provision of medications at the Jackson Correctional Institution and the Columbia Correctional Institution. The court has already recruited counsel for plaintiff in that case.

Defendants in this case state, "The Wisconsin Department of Corrections has agreed, 'that any ruling for injunctive relief regarding the dispensing of medication by correctional

officers will be implemented by the Department throughout its male correctional facilities, subject to the outcome of any appeal of such ruling.'" Dkt. 52, at 1-2.

I am not inclined to stay this case for what would likely be more than a year because there is no guarantee that the issues litigated in the Eastern District will resolve every claim brought in this case. But because the issues raised in these two cases are so similar, I conclude that it may be appropriate to transfer this case to the Eastern District of Wisconsin for consolidation with the *Jackson* case. Before doing so, I will give the parties a chance to explain whether they have any objections to transfer and consolidation of this case.

Plaintiffs will be responding to this order without the benefit of counsel. If I transfer the case, it will then be up to the Eastern District to decide whether to ask counsel already on the *Jackson* case to represent the plaintiffs in this case as well, or to seek other counsel for them. If I decide not to transfer the case, I will recruit counsel to represent plaintiffs in this district.

ORDER

IT IS ORDERED that:

1. Plaintiff Lawrence Northern's claims against defendant Nurse Johnson are SEVERED into case no. 16-cv-377-jdp. Northern is assessed $213.18 as an initial partial payment of the filing fee for this new lawsuit. Northern may have until June 28, 2016, to submit this initial partial payment.

2. Plaintiff Robert Steed's claims against defendant Nurse Julie B. are SEVERED into case no. 16-cv-378-jdp. Steed is assessed $144.92 as an initial partial payment of the filing fee for this new lawsuit. Steed may have until June 28, 2016, to submit this initial partial payment.

3.  The parties may have until June 28, 2016, to respond to this order regarding the issue of transferring this case to the Eastern District of Wisconsin for purposes of consolidating it with a similar case in that court.

Entered June 8, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge