IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT STEED, MAFAYETTE FIELDS,
LAWRENCE NORTHERN, and JAMES PITTMAN,

            Plaintiffs,

v.

A-UNIT 3 SHIFT OFFICER, C/O BURKE,
C/O HOLSCLAW, C/O THILL, RN WARNER,
LIEBL and JOHN OR JANE DOE OF THE
RESTRICTIVE STATUS HOUSING UNIT,

            Defendants.

ORDER

14-cv-747-jdp

---

      Plaintiffs Robert Steed, Mafayette Fields, Lawrence Northern, and James Pittman bring claims that prison officials at the New Lisbon Correctional Institution maintained and followed a policy giving correctional officers, rather than medical staff, responsibility over medication distribution, leading to intentional or negligent failures to properly provide plaintiffs with their medications. The court previously stayed the case to recruit pro bono counsel to represent plaintiffs.

      The state filed a motion to stay the case pending resolution of a similar case currently pending in the United States District Court for the Eastern District of Wisconsin, *Jackson v. Litscher*, Case No. 15-cv-358-wcg. The plaintiff in the Eastern District case alleges that he has been harmed by correctional officers' provision of medications at the Jackson Correctional Institution and the Columbia Correctional Institution. In our case, defendants state, "The Wisconsin Department of Corrections has agreed, 'that any ruling for injunctive relief regarding the dispensing of medication by correctional officers will be implemented by the Department throughout its male correctional facilities, subject to the outcome of any appeal

of such ruling.'" Dkt. 52, at 1-2. Instead of staying the case, I concluded that it might be appropriate to transfer it to the Eastern District for consolidation with the *Jackson* case. I gave the parties a chance to weigh in on whether transfer would be appropriate.

Plaintiffs have filed three responses, Dkt. 55, 58, 60, and defendants have filed their own, Dkt. 60. Defendants do not oppose transfer. Plaintiffs do oppose it, for various reasons, including that their claims will not necessarily rise and fall with Jackson's. Plaintiff Northern also states that he is concerned that the *Jackson* case is not properly venued in the Eastern District (both the Jackson and Columbia prisons are located in the Western District of Wisconsin). That is not necessarily a problem in *Jackson* because venue objections are waivable. But it does raise the question of proper venue in our case. Because the case concerns events occurring at the New Lisbon Correctional Institution, the case cannot be transferred to the Eastern District because that district is not one "where [the case] might have been brought" under 28 U.S.C. § 1404(a), and it seems clear that plaintiffs do not consent to transfer. Therefore, I will not transfer this case. Instead the court will attempt to recruit counsel for plaintiffs.

Defendants' motion to stay the case pending resolution of the *Jackson* case in the Eastern District will be denied, because there is no guarantee that the issues litigated in *Jackson* will resolve every claim brought in this case. But the case will remain stayed pending recruitment of counsel.

There are two other motions, both brought by plaintiff Fields. Fields filed a motion for an injunction directing New Lisbon Correctional Institution staff to give him law library time. Dkt. 46. This motion does not explain the factual circumstances surrounding his request, and the state responds that he was in fact given some extra law library time, and that

2

there is no pressing need for an injunction given that the case is stayed pending recruitment of counsel. I agree with the state on these points and will deny the motion. But even had I thought that the issue might need to be further litigated, Fields's recent transfer to the Oshkosh Correctional Institution moots his request.

But Fields's transfer has created a new issue. Fields has filed a letter stating that staff at the Oshkosh Correctional Institution are not allowing him access to his electronically stored legal documents for this case. Dkt. 63. He filed the same letter in another case currently pending in this court, Case No. 16-cv-405-jdp. In that case, I instructed the state to respond to the court regarding Fields's letter when it files an answer on behalf of the defendants it is representing. Assistant Attorney General Ann M. Peacock represents the DOC defendants in both cases, so I will instruct her to submit her response in both of these cases.

ORDER

IT IS ORDERED that:

1. Defendants' motion to stay the proceedings pending the resolution of *Jackson v. Litscher*, No. 15-cv-358-wcg (E.D. Wis.), is DENIED.

2. Plaintiff Mafayette Fields's motion for preliminary injunction, Dkt. 46, is DENIED.

3. The state may have until April 18, 2017, to respond to plaintiff Fields's letter regarding access to his legal documents, Dkt. 15.

4. This case will remain STAYED pending recruitment of counsel.

Entered March 28, 2017.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge